Supreme Court, Queens Special Term, April, 1903. Unreported.

In the Matter of the Petition of PATRICK W. CULLINAN to Revoke the Liquor Tax Certificate of JOHN NEIDERSTEIN.

*William E. Schenck,* for petitioner.

*Neu & Gilchrist,* for respondent.

MADDOX, J.: The violation charged here is of subdivision 7, of section 23 of the Liquor Tax Law, which provides that "No * * * person, who, as owner or agent, shall suffer or permit any gambling to be done in the place designated by the liquor tax certificate as that in which the traffic in liquor is to be carried on, * * * ."

By the testimony of inspectors it appears that on July 24 and July 29, 1902, at the place designated in said certificate and where, as was conceded by his attorney (Sten. Min. p. 5), the respondent was then trafficking in liquors, gambling was permitted on said premises by means of a nickel-slot machine.

That the machine was then in the room where liquors were sold and drunk is well established and that such a machine is a gambling contrivance cannot be questioned.

By subdivision 2 of section 28 of said law it is provided that, " if any provision   *   *   *   is violated at the " place designated in said certificate   *   *   *,  by the holder of said certificate, or by his agent, servant, bartender or any person whomsoever in charge of said premises,   *   *   *   " and if, after a hearing, the " evidence established " such violation " an order shall be granted *   *   *,  revoking and cancelling such certificate " and, again, by subdivision 2 of section 34, " any   *   *   *   person   *   *   * who shall violate any of the provisions of sections   *   *   *   23 *   *   *   shall be guilty of a misdemeanor " and upon conviction is punishable by fine or imprisonment or both and shall forfeit the liquor tax certificate.

Thus we have an alleged violation involving both a civil and a criminal penalty and here we are asked to enforce the civil liability, but this should not obtain unless respondent's participation in the violation is clearly established; by that I do not mean beyond a reasonable doubt, but by such a preponderance of proof as convinces the mind.

Here the question is, did the respondent " suffer or permit " gambling at the times named, by means of the nickel-slot machine then in the place designated in said certificate? Was he then present or had he knowledge of the presence of said machine in his barroom? If he was not there and had no knowledge of the gambling, then he did not " suffer or permit " it.

It will be noticed that the language of the provision first quoted above is, that " No . *   *   *   person   *   *   *   as owner or agent, shall suffer or permit   *   *   * ." Why the use of the distinctive or, if the owner shall be made liable for a violation by his agent and of which he had no knowledge? The agent would be liable to criminal prosecution for the violation, but not the owner, the certificate holder.

The petitioner's witnesses were unable to identify the respondent with any degree of positiveness; Mr. Johnson testified, in part, as follows:

" Q. Are you certain enough to swear to it (identification) positively?

" A. No, I would not swear to it positively because men look very much alike sometimes." (S. M. p. 10)   *   *   *   on the first

day I went to a gentleman who was in the cashier's desk, whom I took to be this gentleman, * * * ."

"Q. Will you say that you saw this man there on the first day?"

"A. I would perhaps be unsafe in swearing positively that I saw him, yet I am satisfied in my own mind that I would not have recognized him this morning if I had not seen him before."

" Q. Are you sure you saw him there on the first day?"

"A. The man I would recollect as being such a looking man."

" Q. But you will not positively say he was the man you saw?"

"A. I would not like to say it positively, no, sir * * * a close resemblance that might exist." (S. M. p. 11.)

Now the other witness, Mr. Farmer, testified, as to identification, " * * * a man whom I supposed was Mr. Neiderstein came forward, * * * . Mr. Neiderstein sat opposite to me at the table." (S. M. p. 13.) * * * "

" Q. In your judgment is the Mr. Neiderstein present the gentleman who said he was Mr. John Neiderstein on the occasion of this last visit?"

"A. He looks very much like the man that was there, but the man might have been a younger man than this man, but he looked like him. I would not swear this was the man that was there, but he was a man that looked very much like him. * * * he might have been a younger man. (S. M. p. 14.) * * * I would not swear he was the identical man I saw there. I say he looks like him. The man I saw has a very strong resemblance to him. (S. M. p. 17.) "

This certainly is not sufficient to justify the imposition of a penalty, of finding the respondent guilty of a violation of law of a quasi criminal nature.

The respondent testifies that he was absent from his place on the days in question; indeed, that he was absent therefrom almost all the time from about the middle of July to the early part of August. That he did not suffer or permit gambling or the use of said machine there. That he did not know it was there. There is nothing appearing in the record that attacks his credibility and in many respects he is corroborated by the witnesses called by him.

There was a violation of the law, in that gambling by means of a nickel-slot machine was permitted and suffered on the days and at the place in question, but it was the act of the agent then in

said barroom, not of the certificate holder, this respondent; the evidence does not establish any participation by him in the violation, or that he suffered or permitted the gambling or use of the machine.

Motion for final order revoking the liquor tax certificate is denied.